THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
E. MARTIN ESTRADA (Cal. SBN: 223802)
Assistant United States Attorney
Violent & Organized Crime Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3358
     Facsimile: (213) 894-3713
     E-mail: Martin.Estrada@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR No. 07-1362-GPS |
| ) | |
| Plaintiff, ) | <u>GOVERNMENT'S EX PARTE</u> |
| ) | <u>APPLICATION FOR AN ORDER</u> |
| v. ) | <u>ALLOWING DISCLOSURE OF GRAND</u> |
| ) | <u>JURY TESTIMONY; MEMORANDUM OF</u> |
| JUAN CARLOS FUENTES, ) | <u>POINTS AND AUTHORITIES;</u> |
| aka "Skinny," ) | <u>DECLARATION OF E. MARTIN ESTRADA</u> |
| ) | |
| Defendant. ) | [PROPOSED] ORDER lodged herewith |
| ) | |
| ) | Trial Date: May 20, 2008 |
| ) | Time: 9:00 a.m. |
| ) | Place: Courtroom of the Hon. |
| ) |        George P. Schiavelli |
| ) | |
| ) | |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies <u>ex parte</u> for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendant's counsel of record with a copy of the grand jury testimony of a

witness whom the government may call at trial.

The government makes this application because of defendant's need to prepare his case and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500.  This application is based on the attached Memorandum of Points and Authorities and Declaration of E. Martin Estrada, the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: May 15, 2008                 Respectfully submitted,

                                    THOMAS P. O'BRIEN
                                    United States Attorney

                                    CHRISTINE C. EWELL
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    E. MARTIN ESTRADA
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

2

MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to

>encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681, n.6 (1958) (internal quotations omitted).  In United States Industries, Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration."  345 F.2d 18, 21 (9th Cir. 1965).  The court held that "if the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need."  Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who will testify at trial because the case has been indicted.  See United States v. Dynavac, 6 F.3d 1407, 1412 (9th Cir. 1993) ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted).  Moreover,

disclosure of the grand jury testimony to defense counsel would be in the interest of justice and allow defense counsel material necessary to the defense in advance of trial.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of the grand jury testimony of a witness the government may call at trial.

Dated: May 15, 2008          Respectfully submitted,

                             THOMAS P. O'BRIEN
                             United States Attorney

                             CHRISTINE C. EWELL
                             Assistant United States Attorney
                             Chief, Criminal Division


                                    /s/
                             E. MARTIN ESTRADA
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA

<u>DECLARATION OF E. MARTIN ESTRADA</u>

I, E. Martin Estrada, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of <u>United States v. Juan Carlos Fuentes</u>, CR No. 07-1362-GPS. I make this declaration in support of the government's <u>ex</u> <u>parte</u> application for an order permitting disclosure of a grand jury transcript.

2. I expect that the Government may call at trial a witness who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendant.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief. Executed on this 15th day of May 2008 at Los Angeles, California.

         /s/
E. MARTIN ESTRADA